## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## at ASHLAND

**Civil Action No. 06-21-HRW**

**WAYNE SIZEMORE**,                                     **PLAINTIFF,**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**              **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on August 4, 2003,  alleging disability beginning on September 2, 2002 (Tr. 85-88, 151-158).  This application  was denied initially and on reconsideration.  Administrative Law Judge  William H.

Gitlow (hereinafter "ALJ"), convened three hearings in this case, on October 6, 2004, March 3, 2005 and July 6, 2005, wherein Plaintiff, accompanied by counsel, testified. At the second supplemental hearing, on July 6, 2005, Leah Salyers, a vocational expert (hereinafter "VE"), also testified (Tr. 617-624).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 18, 2005, the ALJ issued his decision finding that Plaintiff was

2

not disabled (Tr. 15-25).  Plaintiff was 45  years old at the time of the hearing

decision.  He has a high school education and  past relevant work experience as a

truck driver, plant manager and dispatcher.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not

engaged in substantial gainful activity since  the alleged onset date of disability

(Tr. 16, 24).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative

disc disease of the lumbar spine and coronary artery disease, which he found to be

"severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or

medically equal any of the listed impairments (Tr. 24).  In doing so, the ALJ

specifically considered listings 1.00. 1.04 and 4.00 (Tr. 18-19).

The ALJ further found that Plaintiff could not return to his past relevant

work (Tr. 24) but determined that he  has the residual functional capacity to

perform a significant range of light work.  The ALJ finally concluded that these

jobs exist in significant numbers in the national and regional economies, as

identified by the VE (Tr. 24).  Accordingly, the ALJ found Plaintiff not to be

disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

3

ALJ's decision as the final decision of the Commissioner [Tr. 6-8].

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 9] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ did not afford proper weight to the opinion of his treating physician, Dr. John W. Gilbert.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

On December 18, 2005, Dr. Gilbert completed a medical assessment in which he opined that Plaintiff could perform less than sedentary work (Tr. 361-365). However, his opinion of extreme limitation is not supported by the record. As the ALJ noted, Dr. Gilbert's opinion appears to be at odds with the other medical evidence of record as well as his own treatment notes. First, Dr. Gilbert's own records, which reflect only minimal clinical signs and a modest treatment regimen. Further, Dr. Gilbert's opinion is inconsistent with the opinions of other

5

treating sources, which show an intact neurological profile [Tr. 360] as well as a good amount of regular exercise and activity.

Under the relevant regulations, both the "supportability" of a treating physician's opinion as well as the "consistency" of the same with the record as a whole are grounds for rejecting it. *See* 20 C.F.R. §§ 404.1527(d)(3) - (4), 416.927 (d)(3) - (4). Based upon the foregoing, the Court finds that the ALJ did not err in discounting the assessment of Dr. Gilbert.

Plaintiff further alleges that the ALJ improperly assessed his credibility. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "less than good" with regard to his allegations of disabling pain. (Tr. 20). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The objective clinical findings are not indicative of disabling impairment; the record is all but devoid of any findings of significant neurological deficit or atrophy. In addition, as the ALJ pointed out,

6

although Plaintiff testified regarding an "almost vegetative lifestyle" the record shows that Plaintiff has been known to walk up to 2 miles daily, as well as use a Bowflex machine as part of a regular workout.  The ALJ also noted that Plaintff appeared at the October 2004 hearing "with significant calluses on his right hind" which the ALJ concluded belied his claim of disabling impairment.  Rather the ALJ found then to be "in keeping with [Plaintiff's] reports to his physicians" of his capacity for activity.

Given the inconsistent and contradictory evidence,  the Court finds the ALJ's  assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole.

Plaintiff's final claim of error is that the ALJ failed to properly consider the combination of Plaintiff's impairments.  A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation.   The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 18).  Such articulations have been found to be sufficient upon review.  *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).  Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and*

7

*Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings."  *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990).  The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 7, 2007.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**